**JEFFERSON–WESTERN CORPORA-TION and Ranch America Corporation, a partnership, doing business as R.J. Cattle Corporation, a general partnership, Plaintiffs-Appellees,**

v.

**Spiros J. CHEFAS and Regas Chefas, Defendants-Appellants.**

No. 81CA0074.

Colorado Court of Appeals,
Div. I.

June 16, 1983.

Rehearing Denied July 14, 1983.

Certiorari Denied Oct. 11, 1983.

Philip A. Rouse, Philip A. Rouse, Jr., Denver, for plaintiffs-appellees.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., C. Thomas Bastien, Denver, for defendants-appellants.

KELLY, Judge.

Defendants, Spiros J. Chefas and Regas Chefas, sublessees of the Hidden Valley Ranch, appeal a judgment entered on a jury verdict awarding $26,000 to sublessors, a partnership consisting of Jefferson-Western Corporation and Ranch America Corporation, d/b/a R.J. Cattle Corporation. In this action, the partnership sought to recover

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

unpaid rent, lost profits, and property damage. The defendants assign error to the trial court's actions (1) in failing to exclude witnesses pursuant to Colorado Rules of Evidence 615, (2) in improperly allowing the jury to consider loss of gross profits in making its damage award, and (3) in denying defendants' motion for a new trial based on jury misconduct. We affirm.

Defendants assert that requests to exclude witnesses made pursuant to Colorado Rules of Evidence 615 are mandatory and that, therefore, the trial court should have excluded two of the plaintiffs' witnesses from the courtroom. We disagree.

Colorado Rules of Evidence 615 does not authorize exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Here, both witnesses were officers of the two partner corporations. Although these witnesses were not formally designated as representatives, because the trial court retains a degree of discretion in the application of the rule's exceptions, we conclude that the trial court properly allowed the witnesses to remain. *Cooper v. United States,* 594 F.2d 12 (4th Cir.1979).

We also do not agree with the defendants' contention that the trial court erred in failing to instruct the jury to consider only loss of net profits in making its damage award. The argument is premised upon the assumption that the testimony concerning loss of an alfalfa crop was a "lost profit" item. We do not so interpret the record.

The testimony related to a 10% reduction in a crop of alfalfa which resulted from defendants' failure to use good ranching practices. However characterized by the witness, this case does not properly belong within the rule of *Lee v. Durango Music,* 144 Colo. 270, 355 P.2d 1083 (1960). Here, there was no evidence before the jury which would indicate that there were any marketing expenses attributable to the 10% of the crop lost, and accordingly, the trial court did not err in refusing to instruct the jury on net profit. *See Bloxsom v. San Luis Valley Crop Care, Inc.,* 198 Colo. 113,

596 P.2d 1189 (1979); *Roberts v. Lehl,* 27 Colo.App. 351, 149 P. 851 (1915).

The defendants' argument that a new trial should have been granted because of juror misconduct is without merit. A new trial based on juror misconduct is not required absent a showing of prejudice. *See Alvarez v. People,* 653 P.2d 1127 (Colo. 1982). Thus, even if we assume that there was juror misconduct, the failure to show wherein the defendants were prejudiced mandates affirmance.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.